ALFRED BUNKER *vs.* ANDREW J. BENNETT & others.

In an action for breaking and entering the plaintiff's dwelling-house and using abusive language and insulting his wife in his absence, she is not a competent witness under the St. of 1865, *c.* 207, § 2, to the defendants' acts.

TORT for breaking and entering the plaintiff's dwelling-house under the pretence of having a warrant to arrest the plaintiff's daughter in law for larceny, and of having a searchwarrant; searching the house and taking possession thereof; making a great noise and disturbance therein ; and using vile and abusive language to the plaintiff's wife and daughter in law.

At the trial in the superior court, before *Putnam,* J., the plaintiff's wife was allowed, against the defendants' objection, to testify to the entry of the defendants into the house, and their acts done therein in her husband's absence.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*J. P. Healy,* for the defendants.

*N. St. J. Green,* for the plaintiff.

Morton, J.    The rule of the common law, that a wife is not a competent witness in a suit in which her husband is a party, remains in force in this Commonwealth, except so far as it is modified by statute.    It is conceded that the plaintiff's wife is not a competent witness in this case, unless she is made so by the St. of 1865, *c.* 207, § 2.    By this statute, the wife is not made a witness in cases where a transaction takes place in her presence and not in the presence of her husband, and in which she has no part, but only where "the contract or cause of action in issue and on trial was made or transacted" with her.    This action is tort for a trespass, and the cause of action is, that the defendants broke and entered the plaintiff's dwelling-house. The allegations that the defendants used abusive language and insulted the plaintiff's wife and daughter in law, are available merely in aggravation of damages, and do not change the cause of action.    The trespass committed by the defendant occurred in the presence of the wife, but it was a transaction entirely independent of her, and in which she took no part.    It cannot in any proper sense be said that the cause of action was transacted with her.    *Bliss* v. *Franklin*, 13 Allen, 244.

*Exceptions sustained.*